IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKE, INC., an Oregon corporation,

    Plaintiff,                    No. CIV S-05-1468 GEB JFM

    vs.

NIKEPAL INTERNATIONAL INC., a California corporation,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff Nike, Inc. and Defendant Nikepal International, Inc. represent that each is possessed of certain trade secret, confidential commercial, and other proprietary information, the disclosure of which would likely cause harm to the party having such confidential information.

        Federal Rules of Civil Procedure, Rule 26(c)(7) permits the grant of a protective order providing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

        Plaintiff Nike, Inc. and Defendant Nikepal International, Inc. have agreed that their respective trade secret or other confidential research may be revealed subject to the terms of an appropriate protective order.

        IT IS HEREBY ORDERED THAT:

        1.    Trade secret, confidential financial or commercial information,

1    confidential research or development information, other information within the meaning of Rule
2    26(c), and information which a party is required to keep confidential by agreement or law, which
3    is produced in connection with discovery or contained in papers filed with the Court in the
4    above-captioned action, is subject to the terms of this Protective Order.
5           2.      Prior to designating a document or information as "Confidential
6    Information," the party making the designation (the "Designating Party") must make a good faith
7    determination that the document or information to be designated is either: trade secret,
8    confidential financial or commercial information, confidential research or development
9    information, regarding which the designating party takes appropriate steps to keep confidential;
10   or is information which the Designating Party is required to keep confidential by agreement or
11   law.
12          3.      Any document or thing produced by a party herein to the other party, in
13   response to any request for production of documents, subpoena duces tecum, or an interrogatory,
14   may be designated as Confidential within the meaning of this Protective Order by stamping the
15   word "CONFIDENTIAL" upon the face of such document, or on such thing, or on the container
16   therefor.  All parts of such document or thing, unless expressly excluded, shall be deemed
17   Confidential Information.
18          4.      Other information provided through discovery such as answers to
19   interrogatories, responses to requests for admissions, and deposition testimony, may be similarly
20   designated as Confidential.  Any answers to interrogatories or responses to requests for
21   admissions which are designated CONFIDENTIAL by any party shall be restricted and protected
22   in the same manner as are other documents or material produced in this litigation.  Such
23   designation shall be made by placing the statement "CONFIDENTIAL" at the beginning of each
24   individual interrogatory answer, response to request for admission, or transcript of deposition
25   testimony to which the designation applies.  With respect to deposition testimony, the
26   designation of CONFIDENTIAL may be made at the time the testimony is taken, in which case

the court reporter shall place the notation in the recorded transcript; or may be made within thirty (30) days of notice of availability of the official transcript, by sending written notification to the other party setting forth the portions of the transcript designated as "CONFIDENTIAL."  Prior to the expiration of this thirty (30) period, the parties shall treat the entire transcript as Confidential Information.

    5. The Confidential Information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person by the party receiving the information (the "Receiving Party"), and shall not be utilized by the Receiving Party, or the agents or employees thereof, except in strict accordance with the terms of this Protective Order.

    6. The Confidential Information shall be used by the Receiving Party only in the litigation of the above-captioned action, and shall not be used for any business, financial or other purpose, or used in any other litigation or proceeding.

    7. Any confidential designation which is inadvertently omitted during production of a document or information may be corrected by delivering written notification to counsel for the Receiving Party.  This Protective Order shall then apply to the Confidential Information from and after the date of receipt of the notification.

    8. Confidential Information shall only be disclosed on the terms provided for herein, and shall only be disclosed by the Receiving Party to the following  persons:  (1) outside counsel of record for the party in this action, including necessary associate staff and clerical employees assisting such counsel; (2) qualified court reporters taking testimony involving such documents or information, and necessary stenographic and clerical personnel therefor; (3) designated current in-house counsel, and designated legal assistants, of the Receiving Party under the terms provided in Paragraph 9;  (4) independent consultants and technical experts and their staff under the terms provided in Paragraph 10;  and (5) this Court.  The Receiving Party shall take all reasonable steps to maintain and store the Confidential Information in a manner which prevents disclosure to any unauthorized person.

1  9. Prior to disclosure of Confidential Information to in-house counsel and/or their legal assistant(s), the Receiving Party shall designate in writing and provide to the Designating Party the name(s), position(s) and location(s) of in-house counsel and/or legal assistant(s) to whom the Receiving Party intends to disclose any Confidential Information. Such information may be provided by personal delivery, or facsimile transmission followed by mailing. Prior to disclosure of Confidential Information, the Receiving Party shall provide any designated in-house counsel and/or legal assistants(s) with a copy of this Protective Order and such counsel and/or legal assistant(s) shall execute the Agreement To Be Bound By Protective Order in the form of <u>EXHIBIT A</u> hereto. The signed Agreements of the Receiving Party's in-house counsel and/or legal assistant(s) shall be kept by outside counsel of record for that party, and a copy of such Agreements shall be provided to counsel for the Designating Party upon request.

10. The parties acknowledge that two types of independent consultants or technical experts may be engaged in this matter: 1) a consulting or testifying trademark survey expert or similar specialized expert who is not employed in the industry engaged in by the Designating Party (hereinafter the "Non-industry Expert"); or 2) a consulting or testifying industry-specific expert who is employed in the industry engaged in by the Designating Party (hereinafter the "Industry Expert"). Prior to disclosure of Confidential Information to any Non-industry Expert of the Receiving Party, the Non-industry Expert shall be provided with a copy of this Protective Order and shall execute the Agreement To Be Bound By Stipulated Protective Order in the form of EXHIBIT B hereto. The signed Agreements of the Receiving Party's Non-industry Experts shall be retained by Counsel for the Receiving Party. In the event the Designating Party obtains evidence of a violation of this Order and is not otherwise through reasonable diligence able to ascertain the identity of the party responsible for such violation, counsel shall meet and confer to reasonably attempt to ascertain the identity of the party responsible for such violation. If after such efforts and after the Designating Party reveals its

4

diligent efforts to the Receiving Party's counsel, the parties are unable to resolve the matter, either party may seek appropriate relief from the Court, including relief from this paragraph pursuant Federal Rule of Civil Procedure 26(b)(4).  At least ten (10) days prior to disclosing Confidential Information any Industry Expert, the Receiving Party seeking the disclosure shall serve, along with a certificate of service, a written "Notice Of Intent To Disclose Confidential Information" to the Designating Party. Service may be made by personal delivery, or facsimile transmission followed by mailing. Such notice shall: (a) identify with specificity the material sought to be disclosed; (b) describe the person to whom disclosure is proposed with sufficient particularity to allow the Designating Party to determine whether the person is a competitor of the Designating Party, a person with an interest adverse to the Designating Party, or other person who should not have access to the identified Confidential Information; and (c) include a copy of the Agreement To Be Bound By Protective Order in the form of EXHIBIT B hereto, signed by that the person to whom disclosure is proposed.

11.     If the Designating Party objects to the disclosure proposed in the "Notice Of Intent To Disclose Confidential Information," the Designating Party must *deliver* prior to the expiration of the ten  (10) day period set forth in Paragraph 10, written notice of objection stating the grounds for such objection.  Delivery of the objection may be made by personal delivery, overnight delivery, or facsimile transmission followed by mailing.  If an objection is interposed and the disagreement over the proposed disclosure cannot be resolved by the parties, the proposed disclosure shall not take place unless and until the Court orders the disclosure.

12.     If no objection to the disclosure is <u>delivered</u> to the Receiving Party as provided for in Paragraph 11,  and the Receiving Party has complied with all of the requirements set forth in Paragraph 10 hereof, the disclosure may then be made to the designated person.

13.     Nothing in this  Protective Order shall prevent the Receiving Party from discussing *in general* the substance of the Confidential Information with that party's employees, in-house counsel, independent consultants and/or technical experts.  By way of example, and not

limitation: (a) with respect to the Confidential Information of Defendant Nikepal International, Inc., a general discussion of the nature or class of Defendant's customers and/or vendors would be allowed, provided that specifics, such as names and addresses of such customers and/or vendors, are not disclosed; and (b) with respect to the Confidential Information of Plaintiff Nike, Inc., a general discussion of the nature Plaintiff's business would be allowed, provided that specifics, such as confidential business plans, or technical information are not disclosed. Provided that specific Confidential Information is NOT disclosed, compliance with the procedures set forth in Paragraphs 9 or 10, respectively, is not required.

14. The parties shall make every effort to prevent the unauthorized or public disclosure of Confidential Information. If Confidential Information is disclosed, the parties shall make every effort to prevent further disclosure. In addition, the disclosing party shall promptly notify counsel for the Designating Party whenever an unauthorized disclosure has been discovered.

15. The parties shall take all steps to ensure that all Confidential Information that is filed with the Court, or filed in connection with any pleadings, motions or other papers filed with the Court, is filed under seal, and thereafter kept under seal until further order of the Court. The party seeking to file the Confidential Information shall make the request to seal in compliance with the Local Rules of Practice for the United States District Court for the Eastern District of California, Rule 39-141.

16. This Order shall also apply to all other pleadings, discovery papers, briefs, summaries, notes, abstracts, or other instruments which comprise, embody, summarize, discuss or quote from any documents produced in the litigation or any other material designated "CONFIDENTIAL".

17. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, but admission of such Confidential Information shall be subject to the provisions of Paragraph 15 hereof, or such other procedure as the Court may order.

1         18.    The Receiving Party shall not be required to challenge the propriety of the
2 designation of Confidential Information at the time the designation is made, and may make such
3 challenge at any time. In the event the Receiving Party disagrees with the propriety of
4 designation of any Confidential Information, the Receiving Party shall serve written notice of
5 such disagreement. The parties shall attempt in good faith to resolve any dispute regarding the
6 designation of confidentiality. In the event the dispute cannot be resolved informally, either party
7 may seek appropriate relief from the Court. Such relief shall not be sought from the Court unless
8 at least ten (10) days have elapsed from service of the required notice of disagreement.

9         19.    Agreement to this Protective Order is without prejudice to any party
10 seeking an Order from this Court imposing further restrictions on the dissemination of
11 Confidential Information, or seeking to rescind, modify, alter or amend this Protective Order with
12 respect to certain documents or information. Nothing in this Order shall abridge the rights of any
13 person to seek judicial review or to pursue other appropriate judicial action with respect to any
14 ruling made by the Court concerning the status of Confidential Information.

15         20.    After this case is finally concluded, including the expiration of time for
16 appeal or final exhaustion of all appeals, all documents and things produced and all matters
17 designated "CONFIDENTIAL" shall, upon written request of the Designating Party, be returned
18 to the Designating Party at that Party's expense. In the alternative, on the written agreement of
19 both parties, the Receiving Party shall destroy the Confidential Information and confirm such
20 destruction in writing.

21         21.    The Receiving Party shall keep a record of all copies made of the
22 Confidential Information and shall notify the Designating Party of the number of such copies
23 made. Such copies shall also be returned or destroyed in the manner specified in Paragraph 20.

24         22.    This Protective Order shall remain in force after the conclusion of this
25 action, and shall continue to bind the parties, their employees and legal counsel, and all other
26 persons who agreed to bound by this Protective Order; provided, however, that this Protective

1  Order shall not be construed to prevent either party or its respective counsel from disclosing
2  information which was lawfully in such party's possession prior to disclosure pursuant to this
3  Protective Order, or information which becomes publically known prior to such disclosure or
4  otherwise lawfully comes into the possession of such party from a source other than disclosure by
5  the Designating Party.  This Protective Order shall be binding upon and inure to the benefit of the
6  parties respective successors and assigns.

7           23.     Counsel for each party shall maintain a log of all persons who have been
8  provided access to this confidential information.  Each party's counsel will provide a copy of the
9  log to opposing counsel once expert disclosures have been made by both parties.  Such copies
10 shall also be returned or destroyed in the manner specified in Paragraph 20.
11 DATED:  February 27, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; nike.po

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., an Oregon corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NIKEPAL INTERNATIONAL, INC., ) <br> a California corporation, ) <br> ) <br> Defendant. ) <br> _____/ | Case No. 2:05-CV-01468-GEB-JFM <br><br> <u>EXHIBIT A</u> <br><br> AGREEMENT TO BE BOUND BY <br> PROTECTIVE ORDER |

The undersigned hereby acknowledges and agrees as follows:

1. I have received a copy of the Protective Order (the "Protective Order") entered by the Court in this action on _____, 2006.

2. I have carefully read and I fully understand the provisions of the Protective Order.

3. I certify that I am eligible to have access to Confidential Information under the terms of the Protective Order.

4. I agree to be bound by the terms of the Protective Order, and I agree to comply with all of the terms and provisions thereof.

5. I agree not to disclose any document, thing or information designated thereunder as Confidential to any person not entitled to access to such information.

6. I further agree to use Confidential Information only in connection with this litigation, and not for any other purpose, including business, competitive or governmental

1  purpose or function, or any other litigation or proceeding.

2      7.    I agree to return all Confidential Information which comes into my possession, and any documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained upon the conclusion of this action, or upon earlier request by such counsel. I agree not to retain any copy of such Confidential Information or prepared material relating thereto.

    8.    I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, in respect to any proceedings relative to the violation and/or enforcement of the Protective Order, including without limitation, any proceeding related to contempt of court.

Executed this _____ day of _____, _____ at
_____, _____.

_____
*Signature*

Name: _____
Employer: _____
Business Address: _____
_____
Retained By: _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., an Oregon corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NIKEPAL INTERNATIONAL, INC.,<br>a California corporation,<br><br>　　　　Defendant.<br>_____ | Case No. 2:05-CV-01468-GEB-JFM<br><br>EXHIBIT B<br><br>AGREEMENT OF INDEPENDENT<br>CONSULTANT OR EXPERT TO BE BOUND<br>BY PROTECTIVE ORDER |

　　　　The undersigned hereby acknowledges and agrees as follows:

　　　　1.　　I have received a copy of the Protective Order (the "Protective Order") entered by the Court in this action on _____, 2006.

　　　　2.　　I have carefully read and I fully understand the provisions of the Protective Order.

　　　　3.　　I certify that I am eligible to have access to Confidential Information under the terms of the Protective Order.

　　　　4.　　I certify that I have been retained by one of the parties in this action as an independent consultant or expert.

　　　　5.　　I certify that I have not been previously employed to testify in a matter by any of the parties to this action.

　　　　6.　　I certify that no part of my compensation is dependent on the outcome of this litigation.

11

1    7.    I certify that I have never been employed by either of the parties.

2    8.    I agree to be bound by the terms of the Protective Order, and I agree to comply
3 with all of the terms and provisions thereof.

4    9.    I agree not to disclose any document, thing or information designated thereunder
5 as Confidential to any person not entitled to access to such information.

6    10.    I further agree to use Confidential Information only in connection with this
7 litigation, and not for any other purpose, including business, competitive or governmental
8 purpose or function, or any other litigation or proceeding.

9    11.    I agree to return all Confidential Information which comes into my possession,
10 and any documents or things which I have prepared relating thereto, to counsel for the party by
11 whom I am employed or retained upon the conclusion of this action, or upon earlier request by
12 such counsel.  I agree not to retain any copy of such Confidential Information or prepared
13 material relating thereto.

14    12.    I hereby consent to the jurisdiction of the United States District Court, Eastern
15 District of California, in respect to any proceedings relative to the violation and/or enforcement
16 of the Protective Order, including without limitation, any proceeding related to contempt of
17 court.

18    Executed this _____ day of _____, _____ at
19 _____, _____.

20

21
                                            _____
                                                        *Signature*
22 Name:            _____
23 Employer:        _____
24 Business Address: _____
25                  _____
26 Retained By:     _____