IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
NIKE, INC., an Oregon corporation, )
                                   )    2:05-cv-1468-GEB-JFM
                Plaintiff,         )
                                   )
     v.                            )    ORDER
                                   )
NIKEPAL INTERNATIONAL INC., a      )
California corporation,            )
                                   )
                Defendant.         )
                                   )
```

      On December 26, 2006, Plaintiff filed an ex parte application under Local Rule 78-230(e) and (g) for an order continuing the hearing on its summary judgment motion presently scheduled for January 8, 2007, to February 5, 2007.  Plaintiff contends this continuance is necessary since Defendant filed a cross-motion for summary judgment, to which Plaintiff has only four business days to respond.  Defendant opposes Plaintiff's application, explaining that changing the hearing date as Plaintiff requests would adversely affect how this action has been scheduled under Rule 16 of the Federal Rules of Civil Procedure.

Tension exists between the last hearing date prescribed in the Rule 16 scheduling order and the portion of Local Rule 78-230(e) that contemplates the filing of a cross-motion for summary judgment along with an opposition.

In light of the wording of Local Rule 78-230(e), Plaintiff's application is granted. Therefore, the hearing on the motion and cross-motion for summary judgment is reset to February 5, 2007. Plaintiff shall file and serve electronically its consolidated reply brief and opposition to the cross-motion by January 15, 2007. Defendant shall file and serve electronically its reply (if any) on the cross-motion by January 22, 2007.

Granting the application necessitates rescheduling the final pretrial conference to April 2, 2007, commencing at 3:30 p.m.

In the parties' joint pretrial statement ("JPS"), they shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial. Separate statements shall be submitted if agreement is not reached.

In addition, the parties shall attach to the JPS proposed jury instructions and verdict forms.[1] As to instructions on which there is dispute, the parties shall adhere to the following procedure: 1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instructions, shall submit authority in support of the proposed instruction(s) and shall number the disputed instruction(s) in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.

---

[1] Counsel are directed to confer and to attempt to agree upon these submissions.

2

1         Finally, the parties shall also include in their JPS any
2 evidentiary dispute capable of being resolved in limine.  Counsel for
3 the parties shall meet and confer about such evidentiary issues for
4 the purpose of seeking to resolve disputes.  If the meeting fails to
5 resolve a dispute, the parties are to set forth their respective
6 positions on the dispute in the JPS in a section entitled "Stipulation
7 Re: Evidentiary Disagreements."  In the Stipulation, after the movant
8 states the legal and factual basis for opposing admission of a
9 clearly-identified, specific item of evidence, the nonmovant shall
10 state its position.  *Failure to state a basis for admissibility or*
11 *non-admissibility of disputed evidence constitutes a waiver or*
12 *abandonment of that basis*.  If the same argument or a portion thereof
13 applies to a dispute over other evidence, that argument may be
14 incorporated by reference where that other disputed evidence is
15 argued.

16         This procedure is intended to expedite the trial by allowing
17 the judge to understand the factual context involving disputed
18 evidence and to make binding pretrial rulings.  The parties are
19 cautioned that failure to utilize this procedure to resolve an
20 evidentiary issue which is capable of resolution in an in limine
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

motion may be deemed a waiver of objection to such evidence, or could result in a ruling excluding the evidence.[2]

IT IS SO ORDERED.

Dated:  December 28, 2006

```
                         _____
                         GARLAND E. BURRELL, JR.
                         United States District Judge
```

---

[2] Since the judge disfavors side-bar conferences during trial, counsel may be informed of this waiver in front of the jury. Evidentiary disputes addressed in limine need not be included in trial briefs as required by Local Rule 16-285(a)(3) (requiring that "reasonably anticipated disputes concerning admissibility of evidence" be included in trial briefs).