```
                      IN THE UNITED STATES DISTRICT COURT

                    FOR THE EASTERN DISTRICT OF CALIFORNIA


NIKE, INC., an Oregon corporation, )
                                   )        2:05-cv-1468-GEB-JFM
                    Plaintiff,     )
                                   )
     v.                            )        ORDER
                                   )
NIKEPAL INTERNATIONAL, INC., a     )
California corporation,            )
                                   )
                                   )
                    Defendant.     )
_____)
```

The parties dispute whether the Trademark Trial and Appeal Board's ("TTAB") evidentiary record is admissible for all purposes in this lawsuit, based on different constructions of the statutory language in 15 U.S.C. § 1071(b)(3). Plaintiff argues that under both the plain language of the statute and relevant case law, "the evidentiary record developed in the proceedings before the [TTAB] is admissible for all purposes in this suit." (Pl.'s Brief at 4:14-16, 5:9-11, 1:23-25.) Defendant argues that the evidentiary record of the TTAB proceedings is only admissible "for purposes of . . . Plaintiff's appeal of the TTAB decision." (Def.'s Brief at 2:23-24.)

The statutory language in 15 U.S.C. § 1071(b)(3) supports Plaintiff's position that the evidentiary record developed in the TTAB proceeding is admissible for all purposes.  Section 1071(b)(3) provides, in relevant part:

> In suits brought hereunder, the record in the Patent and Trademark Office shall be admitted on motion of any party, upon such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of any party to take further testimony. The testimony and exhibits of the record in the Patent and Trademark Office, when admitted, shall have the same effect as if originally taken and produced in the suit.

15 U.S.C. § 1071(b)(3).  "[S]uits brought hereunder" refers to the right of a party "dissatisfied with the decision of the [TTAB]" to a "remedy in a civil action," such as the instant action.  Id. § 1071(b)(3), (b)(1).  Therefore, the evidentiary record of the TTAB proceeding is admissible for all purposes in this lawsuit.

Dated:   April 10, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge